IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 2, 2011 Session

# EARL THACKER, et al., v. SHAPIRO & KIRSCH, LLP., PAUL ABRAHAM AND THE KNOXVILLE NEWS SENTINEL

Appeal from the Circuit Court for Roane County
No. 14010      Hon. Russell Simmons, Jr., Judge

No. E2010-01158-COA-R9-CV-FILED-JUNE 20, 2011

In this action the plaintiffs sued the substitute trustee who conducted a foreclosure sale, alleging that notice of foreclosure, as required by the Statute, had to be published in a newspaper located in the county where the land was located.  The Knoxville News Sentinel intervened in the case since it had published the foreclosure notice, but the Trial Judge, responding to a motion for summary judgment, held that the Knoxville News Sentinel did not have a nexus to Roane County and that a proper notice would have been required to be placed in the Roane County newspaper.  The Knoxville News Sentinel appealed, and on appeal we reverse the Judgment of the Trial Court and hold that the statutorily required notice was properly placed in the Knoxville News Sentinel.

**Tenn.  R. App. P.9 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Richard L. Hollow and David C. Hollow, Knoxville,  Tennessee, for the appellants, Paul Abraham and the Knoxville News Sentinel.

Richard K. Evans, Kingston, Tennessee, for the appellees, Earl Thacker and wife, Irinia Thacker.

# OPINION

## Background

This suit arises from a foreclosure sale that occurred in Roane County, Tennessee on March 8, 2007. The sale was held by defendant Shapiro & Kirsch, LLP ( S & K), as substitute trustee. Prior to the sale, S & K, in its capacity of substitute trustee, had placed a notice of the pendency of the sale in the Knoxville News Sentinel, which was published in that newspaper on February 15, 2007, February 22, 2007 and March 1, 2007.

Plaintiffs/appellees, Earl and Irinia Thacker were the owners of the property, located in Roane County, that was foreclosed. Plaintiffs in this suit claim their property was bought at the foreclosure sale for $100,608.01 and that the purchaser resold the property eight months later for $164,067.00. Plaintiffs based their claims on various theories of liability.[1]

Plaintiffs' claim against S & K was based on the fact that S & K had placed the foreclosure notice in the Knoxville News Sentinel rather than the Roane County News. The complaint avers the Roane County News is the only newspaper published in Roane County. Plaintiffs contend that, pursuant to Tenn. Code Ann. §35-5-101(a), S & K was required to advertise the foreclosure sale in that paper, and not in a newspaper published in another county, such as Knox County. Plaintiffs aver they are entitled to damages based on Tenn. Code Ann. § 35-5-107.[2]

After the suit was filed, the Knoxville News Sentinel, through its Vice President, Business Manager, Paul Abramson, moved for Leave to Intervene pursuant to Tenn. R. Civ. P. 24.02 with an Intervening Petition. The basis for the News Sentinel's motion, as set forth in its pleadings, states that plaintiffs' contention was an erroneous interpretation of the statute which could lead to significant damage to the mortgage industry and the "legality of a number of foreclosure sales could be adversely impacted thereby." In response to the motion, the Trial Court entered an order permitting the intervention of Paul Abraham and the Knoxville News Sentinel in the case.

The intervenors then filed a Motion for Summary Judgment and argued that the plain

---

[1]The mortgage company, Liberty Title & Escrow Company, was subsequently voluntarily dismissed.

[2]Tenn. Code Ann. § 35-5-106 provides that "[s]hould the officer, or other person making the sale, proceed to sell without pursuing the provisions of this chapter, the sale shall not, on that account, be either void or voidable.

meaning of the statute, as a matter of law, was clear and unambiguous and that the word "publish" as used in the statute meant "to make known to people in general or to bring before the public or making something known to the public for a particular purpose." Further, the intervenors contended that "the word 'publish' in the statute does not mean 'print'". The petition asked that the Trial Court find as a matter of law that the foreclosure notice at issue was legal within the provisions of the statute.

The Trial Judge, upon hearing the motion, held that "the legislature intended that 'published in the county' means more than circulate, and further that the legislature intended that a 'newspaper published in the County where the sale is to be made' means a newspaper whose nexus or main office is located in the County where the sale is to be made, otherwise commonly known as a local newspaper." The Trial Court explained that the Knoxville News Sentinel has its nexus or main presence in Knox County, but further found that the Knoxville News Sentinel is a paper of general circulation in Roane County where the property at issue is located. However, the Trial Court concluded that Tenn. Code Ann. § 35-5-101(a) required that notice of a foreclosure sale be published in a Roane County newspaper, and the publication in the Knoxville News Sentinel was not in accordance with the statutory requirement.

The only issue before this Court on this interlocutory appeal is the interpretation of Tenn. Code Ann. § 35–5–101(a), which is a question of law, which this Court reviews *de novo* without any presumption of correctness given to the conclusions of the trial court. As our Supreme Court observed in *City of Harriman, Tennessee, v. Roane County Election Commission, et al.,* No. E2008-02316-SC-R11-CV, filed June 9, 2011: _____ S.W.3d (Tenn. 2011).

> "The construction of a statute and its application to the facts of a case are questions of law, which we review *de novo." Larsen-Ball v. Ball,* 301 S.W.3d 228, 232 (Tenn. 2010). When construing a statute, our aim is to give the statute the effect intended by the legislature without unduly restricting or expanding the statute's intended scope. *Id.* (quoting *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995)). "We find the General Assembly's intent in the plain and ordinary meaning of the statute's language if the language is unambiguous." *State v. Marshall*, 319 S.W.3d 558, 561 (Tenn. 2010).

The statute under consideration, Tenn. Code Ann.. § 35-5-101(a) provides:

(a) In any sale of land to foreclose a deed of trust, mortgage or other lien securing the payment of money or other thing of value or under judicial orders or process, advertisement of the sale shall be made at least three (3) different times in some

newspaper published in the county where the sale is to be made.

The intent of the statute is clear, it serves to provide reasonable notice to anyone who may be or become interested in the sale of the property.

The genesis of the present statute was first enacted in 1855-1856 Acts, Chapter 83, section 1 as follows:

Section 1. *Be it enacted by the General Assembly of the State of Tennessee*, That it shall be the duty of every Sheriff, Coroner, Constable, Clerk of Court, Commissioner appointed by a Court, Trustee, Executor, Administrator, Guardian, or other person, in this State, whose duty it shall be to sell any lands or Negroes, under, or by virtue of, any execution, order, judgment, or decree of a court, deed of trust, mortgage, or assignment, or will, to advertise and publish such sale, or sales, at least three different times, **in some newspaper printed and published in the county where such sale or sales shall be made, having the largest circulation in said county** - the first of which publications shall be made at least thirty days previous to the sale . . . .

(Emphasis supplied).

This Act was codified in Section 2145 of the Code of Tennessee, and was amended by 1859-1860 Acts of the State of Tennessee, chapter 60. The amendment provides as follows:

AN ACT to amend Section 2145 of the Code.

*Be it enacted by the General Assembly of the State of Tennessee,* That section 2145 of the Code of Tennessee, be so amended as to read, every person whose duty it is to sell land or slaves in a fiduciary capacity or under judicial orders or process, shall in the absence of any special provisions on the subject, in the authority under which he acts, publish such sale at least three different times in **some newspaper published in the county where the sale is to be made**, the first of which publications shall be at least twenty days previous to the sale.

(Emphasis added).

The requirements of the newspaper used for notice of the sale be printed in the county and also have the largest circulation in the county were eliminated from the Statute.

Sections 2145, 2147 and 2148 were designated sections 7793, 7795 and 7796 of the

1932 Code of Tennessee respectively. Section 7793 and 7796 were amended by Public Acts 1943, chapter 123, as follows:

SECTION 1. *Be it enacted by the General Assembly of the State of Tennessee,* That Section 7793 of the Code of Tennessee, 1932, be amended as to read as follows:

"Every person whose duty it is to sell land in a fiducial capacity, or under judicial orders or process, shall . . . publish such sale at least three different times in **some newspaper published in the county where the sale is to be made**. The newspaper in which the property is advertised shall charge . . .

(Emphasis added).

Section 7793 of the Code of Tennessee, 1932 was designated as Tenn. Code Ann. 35-501 and was again amended by Public Acts 1957, chapter 41.

Tenn. Code Ann. 35-501 became Tenn. Code Ann. §35–5–101 and was last amended by 2006 Pub. Acts. C. 801 § 10 by adding the following language as a new subsection (e) which required direct notice to debtor on or before the first date of publication of the sale "provided in this section".

Dictionaries contain numerous definitions of the word "publish". However, the definition in the Oxford-American Dictionary (1980), "to make generally known" comports with the intent of the Statute. The Trial Judge's rationale that the statute required a "nexus" to the county where the land was located could have had some relevance under the 1855/1866 Acts, Chapter 33 which required a newspaper to be "printed" in the county where the land was located, but that requirement was removed in the 1859/1860 Acts of the State of Tennessee, Chapter 60. Accordingly, since the Trial Judge found that the Knoxville News Sentinel was a paper of general circulation in Roane County, the circulation of that newspaper in the county bearing a notice of foreclosure, complied with the statutory requirement that the notice of the sale be made known in that county by publication, satisfied the requirements of the Statute.

We reverse the Judgment of the Trial Court and remand for further proceedings consistent with this opinion. The cost of the appeal is assessed to Earl and Irinia Thacker.

_____
HERSCHEL PICKENS FRANKS, P.J.